**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RON FOX,**

       **Plaintiff,**            **CIVIL ACTION NO. 05-CV-73510**

       **vs.**            **DISTRICT JUDGE GERALD E. ROSEN**

**BAY CITY, ET AL.,**            **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Defendant Czuprynski's Motion for Summary Judgment (Dkt. No. 8) should be **GRANTED**. Defendants' Motion to Dismiss (Dkt. No. 16) should be **GRANTED**. Defendant Marshall's Motion to Dismiss (Dkt. No. 21) should be **GRANTED**. Defendants' Motion to Dismiss (Dkt. No. 24) should be **GRANTED**. Defendants' Motion for Summary Judgment (Dkt. No. 16) should be **GRANTED.** Defendants' Motion for Summary Judgment (Dkt. No. 22) should be **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion for Summary Judgment (Dkt. No. 25) should be **GRANTED**.

## PROCEDURAL HISTORY

Plaintiff filed the instant complaint on August 24, 2005, alleging causes of action under 42 U.S.C. § 1983 arising from violations of his constitutional rights. Plaintiff's complaints stem from his prosecution and eventually guilty plea on one count of attempted criminal sexual conduct. Plaintiff alleges that the prosecutors, public defenders, judges, and court personnel involved in the criminal sexual conduct case were "out to get him" and conspired to pressure him into entering a guilty plea. Specifically, Plaintiff claims that Defendants Bay City, Bay County, Czuprynski, Linton, Barnes, Alston, Marshall, Waterman, Aldrich, Richnak, Peter, and McIver each violated his constitutional rights through

their involvement in the criminal proceedings against him. Plaintiff claims that Defendant Aldrich repeatedly surveilled Plaintiff's house in violation of a Michigan statute. Plaintiff claims Robert and Elizabeth Loggenslaughter violated his constitutional rights by filing an unsuccessful state court civil suit against him, and by persuading the local housing officials to enter his house on suspicion of a housing code violation. Plaintiff alleges Defendants Reilly, Berg, Doud, and Morlin entered his house and are unconstitutionally prosecuting him for a violation of the Bay City housing code. In addition, Plaintiff claims Defendants Aldrich, Richnak, and Peter violated his constitutional rights by conducting a retaliatory traffic stop against him, breaking windows in his van, and seizing his camera. Plaintiff alleges that Defendant Panzner illegally seized Plaintiff's car in the aftermath of the traffic stop. Plaintiff claims that Defendant Barnes, a public defender, provided constitutionally actionable ineffective assistance of counsel by suggesting Plaintiff submit to genetic testing. In addition, Plaintiff alleges that his bail was set at an unconstitutionally exorbitant level in various state court proceedings.

Plaintiff also complains that Michigan State Courts have unconstitutionally refused to accept legal papers and filings from his out of state "attorney" Douglas Palaschak. Mr. Palaschak is a disbarred former member of the California bar, and a resident of California. (Defs. Bay City et al.'s Mot. for Summ. J. at Ex. 2). Plaintiff also alleges that the Michigan Jails have unconstitutionally refused to provide him with internet access, which is the most convenient way for him to communicate with Mr. Palaschak.

Defendant Czuprynski filed a Motion for Summary Judgment on January 1, 2006. (Dkt. No. 8). Defendants Bay City Jail, et al., filed a Motion to Dismiss on February 10, 2006. (Dkt. No. 16). Defendant Charlotte A. Marshall filed a Motion to Dismiss on February 12, 2006. (Dkt. No. 21). Defendants Bay City, et al., filed a Motion for Summary Judgment on March 7, 2006. (Dkt. No. 22). Defendants Richard and Elizabeth Loggenslaughter filed a Motion to Dismiss on March 17, 2006. (Dkt.

No. 24). Defendants Bay City Circuit Court Probation Office and Veronica Papajesk filed a Motion to Dismiss on March 24, 2006. (Dkt. No. 25). Plaintiff has not responded to these motions.

## ANALYSIS

Defendants seek, in the alternative, to have this Court either dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) or grant summary judgment to the Defendants under Fed. R. Civ. P. 56.

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving

party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

**Defendant Czuprynski's Motion for Summary Judgment**

Defendant Czuprynski is only mentioned in paragraphs 273 to 277 of Plaintiff's amended complaint. The substance of Plaintiff's complaint is that Czuprynski, a lawyer paid by Plaintiff's wife to defend him, failed to strike Plaintiff's previous guilty plea to attempted criminal sexual conduct from a presentence report. Plaintiff has failed to allege that Defendant Czyprynski acted "under color of state law." 42 U.S.C. § 1983 provides a remedy only for violations of federal rights conducted by persons acting under color of state law. Defense attorneys, even public Defenders, do not act under the color of state law, because their primary loyalties and duties run to the clients they represent, not the government. *See e.g., Polk County v. Dodson*, 454 U.S. 312 (1981). Plaintiff therefore fails to state a claim against Defendant Czuprynski upon which relief can be granted, and Defendant Czuprynski's Motion for Summary Judgment should be **GRANTED**.

**Defendants Bay County, Bay County Jail, Linton, Barnes, Alston, Waterman, McIver, and Bay County Circuit Court Probation Office's Motion to Dismiss**

Plaintiff's allegations against Defendant Barnes spring from her representation of Plaintiff as a Public Defender. As discussed above, public defenders are not "state actors" for purposes of 42 U.S.C. § 1983. *Id.* Defendant's Motion to Dismiss should therefore be **GRANTED** as to Defendant Barnes.

Defendant Bay County Jail argues that Plaintiff's complaint against it should be dismissed on the same basis. However, read in the light most favorable to Plaintiff, his complaint alleges that Bay County Jail violated his right of access to courts by not providing him with internet access or access to a word processor (though the Jail did provide mail access and a typewriter) violated his right of access to the Courts.

Prisoners have a fundamental right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right derives from the Due Process Clauses of the Fifth and Fourteenth Amendments, the right of petition found in the First Amendment, and the Privileges and Immunities Clause of Article IV. *See e.g., Chambers v. Baltimore and Ohio Railroad Co.,* 207 U.S. 142, 148 (1907); *Hodge v. Prince*, 730 F. Supp. 747, 751 (N.D. Tex. 1990). A prisoner must have adequate, effective, and meaningful access to the courts. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984). This right does not extend to all claims. Rather, a prisoner's right of access to courts protects only a prisoners ability to attack his sentence or challenge the conditions of his confinement. *Lewis*, 518 U.S. at 355. Moreover, a prisoner asserting a denial of access to courts must demonstrate actual injury in order to satisfy the constitutional requirement of standing. *See Lewis*, 518 U.S. at 351-3 (1996).

To meet the standing requirement, a prisoner must show that prison officials "hindered the prisoner's efforts to pursue a non-frivolous claim." *Penrod v. Zavars*, 94 F.3d 1399, 1403 (10th Cir. 1996). A prisoner's access to courts claim should be dismissed if he fails to allege a specific litigation-related detriment resulting from a prison official's conduct. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff's complaint fails to allege any specific litigation related detriment, and Defendants' Motion to Dismiss should therefore be **GRANTED** as to Bay County Jail.

Plaintiff's various claims against Judge Alston should also be dismissed. Judges have absolute immunity for their "judicial acts." *See e.g., Stump v. Sparkman*, 435 U.S. 349 (1978)(state court judge immune for issuing ex parte order for forced sterilization). Provided that a judge is not acting in "the clear absence of all jurisdiction," his or her actions are entitled to absolute immunity, no matter how erroneous, malicious, and injurious those actions may have been. *See e.g., Bradley v. Fisher*, 80 U.S. 335 (1871). Plaintiff claims that his rights were violated by Judge Alston's rulings and manner in which

Judge Alston ran his courtroom. These allegations fall within the Judge's judicial immunity, and Defendants' Motion to Dismiss should therefore be **GRANTED** as to Judge Alston.

Plaintiff's claims against Defendant Linton, a clerk of the Bay County Circuit Court, stem from Linton's refusal to accept for filing pleadings prepared by "attorney" Douglas Palaschak, who is not a member of the Michigan Bar. It is well established that court clerks have absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Linton's docket control and filing functions are "quasi-judicial" functions because they are essential to the judicial operations of the Court. Defendant's Motion to Dismiss should therefore be **GRANTED** as to Defendant Linton.

Plaintiff alleges that Defendant Waterman tape recorded a hearing held on January 27, 2004, and worked as "the court clerk for the blind judge." (Pl.'s Am. Compl. at 15, 18). His complaint fails to identify any claim or complaint whatsoever against Waterman, and Defendants' Motion to Dismiss should be **GRANTED** as to Defendant Waterman.

Plaintiff alleges that Defendant McIver arrested him in Court on two separate occasions. From the face of the complaint, it appears that Defendant McIver arrested Plaintiff following hearings either about the conditions of Plaintiff's parole or about Plaintiff's failure to register under Michigan's sex offender registration act. While Plaintiff's complaint clearly alleges that Plaintiff was not guilty of any sex offense, and that the subsequent legal proceedings against him are invalid, it does not specify what constitutional right Defendant McIver violated in arresting Plaintiff. Even taking each of Plaintiff's allegations in the light most favorable to the Plaintiff, Defendant McIver appears at worst to have arrested Plaintiff pursuant to a direct order of a state court. Plaintiff's complaint contains no basis on which the Court can conclude that this was a violation of Plaintiff's constitutional rights. For purposes of the instant case, it does not matter whether court officers charged with arresting or detaining criminal

suspects are entitled to absolute or merely qualified judicial immunity.  *See Balas v. Leishman-Donaldson*, 976 F.2d 733 (6th Cir. 1992) (discussing the contours of immunity for bailiffs).  Plaintiff's complaint fails to allege that Defendant McIver violated any well established constitutional right, and therefore fails to state a claim even if Defendant McIver has only qualified immunity.  Defendants' Motion to Dismiss should be **GRANTED** as to Defendant McIver.

Plaintiff has failed to allege that any Bay County policy or custom caused Plaintiff's alleged injuries.  In actions under § 1983, municipalities are not liable for the actions of their employees merely on the basis of *respondeat superior.  Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).  Rather, a plaintiff must allege that a particular policy, practice, or custom of the municipality, fairly said to be a part of municipal policy, caused his or her particular injuries.  *Id.*  Bay County correctly points out that Plaintiff makes no such allegation in his complaint.  Defendants' Motion to Dismiss should therefore be **GRANTED** as to Bay County.

Similarly, Plaintiff fails to identify any policy or custom of the Bay County Circuit Court that led to the injuries for which he now seeks to recover.  Defendants' Motion to Dismiss should therefore be **GRANTED** as to the Bay County Circuit Court.

**Defendants Bay County Circuit Court Probation Office and Veronica Papajesk's Motion for Summary Judgment**

Defendant Papajesk was served with Plaintiff's Amended Complaint in this case, apparently because Plaintiff believes she is the "person who wrote false probation report" as identified in the caption to Plaintiff's Complaint.  Plaintiff's Complaint identifies a November 30, 2004 "probation interview," and states that the interview was conducted in connection with two specific case numbers.  Defendant Papajesk has filed an affidavit stating that she did not conduct the probation interview in the two specific cases Plaintiff mentions in his complaint.  Plaintiff has not responded to Defendant Papajesk's motion.  There is no genuine issue of material fact as to any allegation by Plaintiff that

Defendant Papajesk had any personal involvement in Plaintiff's probation decisions. Therefore, Summary Judgment should be **GRANTED** to Defendant Papajesk.

**Defendants Robert and Elizabeth Loggenslaughter's Motion to Dismiss**

Defendants Robert and Elizabeth Loggenslaughter argue that Plaintiff's complaint against them should be dismissed because it fails to adequately put them on notice of Plaintiff's claims against them. Plaintiff's complaint specifies that the Loggenslaughters yelled at him, instituted an unsuccessful state court action to force Plaintiff to move, and told the Bay City Housing Department that Plaintiff's house was in violation of local building codes, with the result that Bay City Officers illegally raided Plaintiff's house. While Plaintiff's complaint identifies the conduct that has upset Plaintiff, it does not identify how this conduct violates Plaintiff's federally protected rights. Specifically, Plaintiff fails to allege what federally protected right Defendants violated by yelling at Plaintiff, unsuccessfully prosecuting a civil lawsuit, or communicating with the Housing Department. Defendants Robert and Elizabeth Loggenslaughter's Motion to Dismiss should be **GRANTED**.

**Defendants Bay City, Richnak, Peter, Berg, Doud, Ducolon, Morin, Reiling, and Schroer's Motion for Summary Judgment**

As discussed above, Plaintiff's complaint against Defendant Bay City should be dismissed for failure to state a claim. The other Defendants filing the instant motion for summary judgment are all police officers and prosecutors who have had various dealings with Plaintiff in the last eleven years. Defendants assert several grounds for Summary Judgment.

First, Defendants assert that Plaintiff's claims are foreclosed in their entirety by *Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

-8-

> state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-487 (internal footnote omitted).

The Sixth Circuit has repeatedly held that *Heck* bars a 1983 litigant from litigating claims that would necessarily imply the invalidity of a prior guilty plea when there has been no decision on appeal or writ of habeas corpus that invalidates the sentence. The Sixth Circuit has applied *Heck* as a bar to § 1983 litigation even where the prior sentence has been completed. *See Shelton v. City of Taylor*, 92 Fed.Appx. 178 (6th Cir. 2004); *Wappler v. Carniak*, 24 Fed.Appx. 294 (6th Cir. 2001). Some commentators have asserted that the *Heck* bar depends on the actual availability to the Plaintiff of a court action other than a § 1983 suit (direct appeal, state collateral review, or federal habeas review). The Sixth Circuit appears not to have followed this view, and has extended the application of *Heck* to situations where a conviction or sentence can no longer be challenged.

Many of the allegations in Plaintiff's complaint necessarily imply that Plaintiff's prior guilty pleas, detentions pending guilty pleas, and sentences were erroneous. *Heck* and its progeny therefore entitle Defendants to summary judgment on most of Plaintiff's Complaint. Summary Judgment should be **GRANTED** to Defendants Schroer and Ducolon, since Plaintiff has only alleged that they arrested him for failure to register as a sex offender, and Plaintiff subsequently plead guilty to the offenses. However, summary judgment is premature on some elements of Plaintiff's complaint. Plaintiff alleges that Defendants Aldrich, Richnak, and Peter participated in a baseless traffic stop of Plaintiff, then broke the windows on his van and took his camera. Plaintiff's complaint does not make it clear that this

incident was connected with any guilty plea or conviction, and Defendants do not point to any state court action which should bar these claims. Defendants argue that Aldrich, Richnak, and Peter's actions were protected by qualified immunity, but Defendants give no factual background to support this claim. While Defendants may well be protected by qualified immunity if their actions were in some way related to a law enforcement purpose, qualified immunity does not grant them the unrestricted ability to damage and seize private property under color of state law. Plaintiff's allegation that Defendants stopped him for no reason whatsoever, destroyed some of his personal property and took other property stands alone. Without more, the Court cannot say that these actions did not run afoul of Plaintiff's clearly established constitutional rights. Defendants' Motion for Summary Judgment should be **DENIED** with respect to paragraphs 8-103 of Plaintiff's complaint.

Plaintiff alleges that Defendants Roberts, Reiling, Berg, Doud, and Morlin unreasonably entered his property without a warrant in connection with an allegation that Plaintiff was in violation of the Bay City Building Code. While Plaintiff's complaint implies that the housing raid may have led to some sort of legal action, it is not clear what the action was, what court it was taken in, or how Plaintiff's claims that the search was unreasonable may have faired in state court.[1] Summary judgment on the house search is premature because Defendants have not provided sufficient factual backing to support their claim that the housing search was or is the subject of a state court action. Thus, Defendants' Motion for Summary Judgment should be **DENIED** with respect to the allegations in paragraphs 87-96 and 281-285.

---

[1]There is a substantial likelihood that a successful state court civil action would preclude Plaintiff's § 1983 claims under an abstention doctrine other than *Heck*.

## NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 07/26/06                             s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Ron Fox and Counsel of Record on this date.

Dated: 07/26/06                             s/ Lisa C. Bartlett
                                            Courtroom Deputy