**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RON FOX,**

**Plaintiff,** **CIVIL ACTION NO. 05-CV-73510-DT**

**vs.**

**DISTRICT JUDGE GERALD E. ROSEN**

**BAY CITY, et al.,** **MAGISTRATE JUDGE MONA K. MAJZOUB**

**Defendants.**
**__________________________/**

# REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** Defendants' Second Motion for Summary Judgment filed on November 28, 2006 (docket no. 43) should be **GRANTED**.

**II. REPORT:**

*A. Procedural History, Facts and Claims*

This matter comes before the Court on the Second Motion for Summary Judgment filed by Defendants Donald Aldrich, Jason Richnak, Bradley Peter, Eric Berg, Jeffrey Doud, Gerald Morin, Robert Reiling, and Richard Roberts. (Docket no. 43). All pretrial matters have been referred to the undersigned for a decision. (Docket no. 4). Plaintiff has not submitted a response brief to the motion, and the time for doing so has now expired. (Docket no. 44). The matter is therefore ready for ruling.

This is a civil rights action primarily pursuant to 42 U.S.C. § 1983. This Court previously recommended that the motions for summary judgment or to dismiss filed by several of the Defendants be granted in their entirety. (Docket no. 34). The district court adopted that Recommendation and as a result all claims against Defendants Ed Czuprynski, Bay County, the Bay County Jail, Sylvia Linton, Jennifer Cass Barnes, Judge Alston, Sherri Waterman, Pat McIver, the Bay County Probation Office, Charlotte Marshall, Richard Loggenslaughter, Elizabeth Loggenslaughter, the Bay County Circuit Court

Probation Office and Veronica Papajesk have been dismissed with prejudice. (Docket no. 36). In addition, all claims against Defendants Bay City, Elizabeth Ducolon, and Brian Schroer were dismissed with prejudice. (*Id.*) The motion to dismiss or for summary judgment was denied without prejudice, however, with respect to Plaintiff's claims arising out of an allegedly baseless traffic stop against Defendants Aldrich, Richnak, and Peter. (*Id.*) Also, the motion was denied without prejudice with respect to Plaintiff's claims regarding an allegedly unreasonable entry of his property against Defendants Roberts, Reiling, Berg, Doud, and Morlin. (*Id.*) It is these last two sets of Defendants that have now filed this second motion for summary judgment.

Plaintiff's complaints stem from his prosecution and eventual guilty plea on one count of attempted criminal sexual conduct. Plaintiff alleges that prosecutors, public defenders, judges and court personnel involved in the criminal sexual conduct case were "out to get him" and conspired to pressure him into entering a guilty plea. The allegations pertinent to these two motions are that Defendants Roberts, Reiling, Berg, Doud, and Morlin improperly entered his house without a warrant. In addition, Plaintiff claims that Defendants Aldrich, Richnak, and Peter violated his constitutional rights by conducting a retaliatory traffic stop against him, breaking windows in his van, and seizing his camera.

B. *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to

defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

*C. Defendants Roberts, Reiling, Berg, Doud, and Morin*

Plaintiff alleges that these Defendants raided his home at 207 N. Farragut Street in Bay City without a warrant in December 2003. (Docket no. 6, ¶¶ 87-97). He also alleges that the Defendants used as a pretext an alleged housing code violation. (*Id.*) Plaintiff contends that Defendants should have had a warrant before entering his home. (*Id.*) The Defendants are all police officers except for Morin who is a Bay City Building Code Enforcement Officer. (*Id.*)

All of these Defendants except Reiling have submitted affidavits explaining the actions they took on visits to 207 N. Farragut. Defendant Roberts states that on August 6, 2004 at approximately 9:05 p.m. he and Officers Reiling, and Berg went to that address to verify the address of Plaintiff who is a registered sex offender. (Docket no. 43, ex. I). When the Defendants arrived they knocked on the door and were greeted by Kimberly Knapp. (*Id.*) She invited the Defendants into the house and told them that she lived there. (*Id.*) She said that Plaintiff did not live at the house, had not lived there for about a year, and that he instead lived at 503 S. Dewitt in Bay City. (*Id.*) Defendants then traveled to 503 S. Dewitt and upon arriving saw Plaintiff standing in the front yard talking on a phone. (*Id.*) While Defendants parked their cars, Plaintiff walked into his house and closed the door. (*Id.*) Officer Berg knocked on the door several times and rang the doorbell, but no one answered the door. (*Id.*) Defendants then left without entering the residence. (*Id.*) Defendant Roberts further states that

Defendant Reiling has not been employed by the Bay City Police Department for several years and that he searched the Bay City Police Department records and did not find any record of Defendant Reiling entering a property owned or occupied by Plaintiff, other than the above-described incident. (*Id.*)

Defendant Berg has also submitted an affidavit describing the events of August 6, 2004. (Docket no. 43, ex. J). He states facts consistent with Defendant Roberts' affidavit regarding their arrival at 207 N. Farragut, their conversation with Ms. Knapp, and their unsuccessful attempt to talk to Plaintiff at the S. Dewitt St. address. (*Id*). Defendant Berg also states that he arrested Plaintiff on August 13, 2004 at the S. Dewitt St. address pursuant to a warrant issued on that day. (*Id.*) Other than these incidents, Defendant Berg states that he has never entered a property owned or occupied by Plaintiff without a warrant. (*Id.*)

Defendant Doud has also submitted an affidavit. (Docket no. 43, ex. K). He states that he received a phone call at the police department on July 23, 2004 from Elizabeth Laudenslager who said that she believed the house at 207 N. Farragut in Bay City was not zoned as a rental unit but was being rented. (*Id.*) She also said that she believed Plaintiff was a sex offender who owned that house but lived on Dewitt Street instead and that he had failed to register his address with the sex offender register. (*Id.*) Defendant Doud contacted Defendant Morin at the Code Enforcement Office and was told that 207 N. Farragut was not zoned as rental property. (*Id.*) Defendant Morin set up a housing inspection for that residence on July 29, 2004. (*Id.*) Defendant Morin requested that Defendant Doud attend that inspection. (*Id.*) When they arrived there on July 29, Defendants spoke to Ms. Knapp who gave permission for them to enter the premises. (*Id.*) Ms. Knapp informed Defendants that she was renting the home and that Plaintiff did not live there. (*Id.*) Defendant Doud checked the sex offender registry and found that Plaintiff's last verified address was 207 N. Farragut. (*Id.*) Plaintiff had changed his driver's license address to 503 S. Dewitt St., however. (*Id.*) Defendant Doud tried to contact Plaintiff

but could not do so. (*Id.*) He sent the information to the prosecutor's office for issuance of a warrant for a sex offender failing to change address. (*Id.*) Defendant Doud had no further contact with Plaintiff or his property. (*Id.*)

Defendant Morin has submitted an affidavit as well. (Docket no. 43, ex. L). He states that he was called by Defendant Doud on July 23, 2004 and set up the housing inspection for July 29, 2004. (*Id.*) He requested that Defendant Doud accompany him. (*Id.*) When they arrived there, Ms. Knapp who was living there gave him permission to enter to complete a code enforcement inspection. (*Id.*) He completed his inspection and has not had any other interaction with Plaintiff or his property. (*Id.*)

Defendants also submitted police department records which are written summaries of what Ms. Knapp told Defendants on August 6, 2004. (Docket no. 43, ex. M). The records also detail the Defendants' attempt to talk to Plaintiff at 503 S. Dewitt on that same day. (*Id.*)

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff also cites at times in his Complaint 42 U.S.C. § 1985 which prohibits conspiracies to interfere with civil rights, and under section 1985(3) Plaintiff must establish a conspiracy motivated by a class-based animus. *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002). Government officials performing discretionary functions generally are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). All of Defendants' affidavits and the information in the police department records are not opposed because Plaintiff did not respond to the summary judgment motion.

Plaintiff has failed to carry his burden on this summary judgment motion. *See Covington v. Knox*

*County Sch. Sys.*, 205 F.3d at 915. He has failed to show that there is any genuine factual dispute that requires a trial in this case. Plaintiff gives a date in December 2003 for these events, but the case numbers he included in his Amended Complaint refer to an incident on the date of July 29, 2004 which is the date of the housing inspection described above. (Docket no. 6, ¶ 95). Therefore, the events described above by Defendants are the ones upon which Plaintiff bases his claims. Plaintiff claims that Defendants violated his constitutional rights when they entered 207 N. Farragut without a warrant. However, the evidence shows that all Defendants who entered that residence were invited into the residence by the current occupant, Ms. Knapp, which obviated any need for a search warrant. *See Illinois v. Rodriguez*, 497 U.S. 177 (1990) (warrantless entry valid when based on consent of third party whom police reasonably believe possesses common authority over premises even if they in fact do not); *Frazier v. Cupp*, 394 U.S. 731, 740 (1969) (joint user of duffle bag had authority to consent to search). Here the officers reasonably believed that Ms. Knapp was renting the residence which she invited them into. Defendants did not violate or conspire to violate any constitutional right of Plaintiff by entering the residence without a warrant. Accordingly, summary judgment should be granted on all claims in favor of Defendants Roberts, Reiling, Berg, Doud, and Morin.

*D. Defendants Aldrich, Richnak, and Peter*

Plaintiff alleges that Defendants Aldrich, Richnak, and Peter participated in a traffic stop of his vehicle on October 11, 2003 which violated his rights. (Docket no. 6, ¶¶ 103-136). Defendant Aldrich has submitted an affidavit describing the events of October 11, 2003. (Docket no. 43, ex. C). He saw Plaintiff's vehicle blocking the lane of travel in an intersection and attempted to stop the vehicle once it started moving again. (*Id.*) Plaintiff refused to stop even after Defendant Aldrich activated his patrol car's lights and siren. (*Id.*) A low-speed pursuit ensued during which Defendant Aldrich could see Plaintiff glancing at him in the rear-view mirror. (*Id.*) Plaintiff stopped his vehicle at 207 N. Farragut.

(*Id.*) Defendant Aldrich saw Plaintiff reaching for something and feared it was a weapon. (*Id.*) Plaintiff refused to exit the vehicle as Defendant Aldrich instructed and at some point slammed the door on Aldrich's arm. (*Id.*) Other officers arrived and they broke the van's windows, extracted Plaintiff, and arrested him. (*Id.*) Plaintiff took photos of the officers when he was inside his vehicle. (*Id.*) The camera was not taken by any of the officers, however. (*Id.*) Aldrich charged Plaintiff with several offenses as a result of this episode. (*Id.*)

Defendant Richnak has also submitted an affidavit. (Docket no. 43, ex. D). He states that he and Officer Anthony Peter responded to Officer Aldrich's request for assistance during the pursuit. (*Id.*) They met Officer Aldrich at 207 N. Farragut. (*Id.*) He describes the events consistent with Officer Aldrich's description. (*Id.*) Defendant Richnak also states that he seized one roll of Fuji film and placed it into evidence locker number 21. (*Id.*) The camera was not taken. (*Id.*)

Defendant Bradley Peter submitted an affidavit stating that he was not involved in the traffic stop incident. (Docket no. 43, ex. E). He is a police officer in Bay City but at that time his brother, Anthony Peter, was also an officer. (*Id.*) Plaintiff therefore named the wrong brother as a defendant. Because Defendant Bradley Peter had no involvement in the alleged baseless traffic stop, his motion for summary judgment should be granted.

Plaintiff cites some federal criminal statutes in connection with this traffic stop and alleges that Defendants violated them. (Docket no. 6, ¶¶ 129-36). However, Plaintiff as a private citizen may not charge someone with a violation of the United States Code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished). He must rely upon the United States Attorney to bring such charges. These claims are therefore subject to dismissal.

Plaintiff alleges that this traffic stop was baseless and that Officer Aldrich was simply retaliating against Plaintiff for a civil rights complaint that Plaintiff had earlier filed. (Docket no. 6, ¶ 111).

Plaintiff admits that he did not stop when signaled to do so. Instead, Plaintiff states that he drove back to his house. (*Id.* ¶¶ 112-14). Plaintiff has failed to show that there is any genuine issue for trial related to these allegations. The undisputed facts show that Defendants are entitled to judgment as a matter of law. Defendant's vehicle was blocking an intersection for which he was eventually cited as violating Mich. Comp. Laws 257.676b, impeding traffic. (Docket no. 43, ex. A). This infraction was the basis for Defendant Aldrich's attempted traffic stop. The stop was not baseless as Plaintiff contends. The evidence further shows that the Defendants did not violate any clearly established rights of Plaintiff when they used the force necessary to arrest Plaintiff. Finally, the evidence shows that these Defendants did not take Plaintiff's camera. Accordingly, the summary judgment motion of these Defendants should be granted.

For all of these reasons, Defendants' Second Motion for Summary Judgment should be granted.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 03, 2007

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Ron Fox and Counsel of Record on this date.

Dated: January 03, 2007

s/ Lisa C. Bartlett
Courtroom Deputy