**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**RON FOX,**

        **Plaintiff,**　　　　　　**CIVIL ACTION NO. 05-CV-73510-DT**

vs.

　　　　　　　　　　　　　　　　**DISTRICT JUDGE GERALD E. ROSEN**

**BAY CITY, et al.,**　　　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**　　**RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendant State of Michigan on April 9, 2007 (docket no. 57) be **GRANTED**.

This Court further recommends that Defendant Bob Panzner be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

Finally, this Court recommends that Defendant "John Doe, person who filed false probation report" be **DISMISSED** pursuant to the dismissal of Veronica Papajesk, and that this entire action be dismissed.

**II.**　　**REPORT:**

　　　　*A.*　　*Facts and Procedural History*

This is a civil rights action primarily pursuant to 42 U.S.C. § 1983. This Court previously recommended that the motions for summary judgment or to dismiss filed by several of the Defendants be granted in their entirety. (Docket no. 34). The district court adopted that Recommendation and as a result all claims against Defendants Ed Czuprynski, Bay County, the Bay County Jail, Sylvia Linton, Jennifer Cass Barnes, Judge Alston, Sherri Waterman, Pat McIver, the Bay County Probation Office,

-1-

Charlotte Marshall, Richard Loggenslaughter, Elizabeth Loggenslaughter, the Bay County Circuit Court Probation Office and Veronica Papajesk have been dismissed with prejudice. (Docket no. 36).

In addition, all claims against Defendants Bay City, Elizabeth Ducolon, and Brian Schroer were dismissed with prejudice. (*Id.*) The motion to dismiss or for summary judgment was denied without prejudice, however, with respect to Plaintiff's claims arising out of an allegedly baseless traffic stop against Defendants Aldrich, Richnak, and Peter. (*Id.*) Also, the motion was denied without prejudice with respect to Plaintiff's claims regarding an allegedly unreasonable entry of his property against Defendants Roberts, Reiling, Berg, Doud, and Morlin. (*Id.*) Those last two sets of Defendants later filed a second motion for summary judgment which this Court recommended be granted. (Docket no. 48). The district court adopted that recommendation. (Docket no. 51). As a result of the above proceedings, there are only three Defendants remaining in this action: the State of Michigan; John Doe, the person who filed a false probation report; and Bob Panzner, tow truck driver.

Defendant State of Michigan contends in the present motion that it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to state a claim against it. Defendant also argues that dismissal is proper under Rule 12(b)(1) to the extent that Plaintiff seeks review of his state court criminal conviction because this Court lacks jurisdiction to conduct such a review. Finally, Defendant contends that relief against it is barred by the Eleventh Amendment. As an alternative to dismissal, Defendant requests that the Court order Plaintiff to provide a more definite statement of his claims against it. Plaintiff has not responded to this motion, and the time for responding has now expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). This motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

B. *Standard of Review*

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

C. *State of Michigan Motion to Dismiss*

Plaintiff's specific references to the State of Michigan in his Amended Complaint are very limited. In his Index of Plaintiffs he lists pages 1, 6, 9, 10, 12, 17, 18, and 23 as referencing this Defendant. (Docket no. 6 at 36). The Court will examine each of these references to determine whether a claim is stated.

The first page contains the caption of the case listing the State of Michigan. This fails to state a claim for relief. (*Id.* at 1).

On the sixth page in paragraph 14 Plaintiff states that "All defendants acted under color of law, statute, ordinance, regulation, custom, and usage, of the state of Michigan and its political subdivisions." (*Id.* at 6). This statement fails to state a claim against the State.

Plaintiff claims on the ninth page that "Michigan put my photograph on the internet without telling people that I only pleaded to end the case." (*Id.* at 9, ¶ 73). Plaintiff is apparently referring to the Sex Offender Registry which he references many times throughout his Amended Complaint. The Court knows of no law requiring that the State provide such information about those convicted of sex crimes. In addition, underlying this claim is the suggestion that Plaintiff was wrongly convicted of his sex crime, attempted criminal sexual conduct. Any attack on this conviction is not cognizable in this action. *See Heck v. Humphrey*, 512 U.S. 477 (1994). This allegation fails to state a claim against Defendant.

On the tenth page in paragraph 84 Plaintiff states that "Officers in Michigan are sworn to uphold all state statutes and prosecute violations." (*Id.* at 10). This allegation fails to state a claim against Defendant. Also on that page, Plaintiff states that the statute of limitation in Michigan is three years for personal injuries. (*Id.* at ¶ 87). This fails to state a claim for relief as well.

Plaintiff lists the address of Defendant Panzner on the twelfth page. (*Id.* at ¶ 125). This reference to the State of Michigan in his address fails to state a claim for relief against Defendant.

On page seventeen, Plaintiff alleges that "[t]he defendants in an effort to get me (and my lawyer) complained to the Michigan Bar who attempted to silence my lawyer Palaschak." (*Id.* at ¶ 227). This claim refers to action against Plaintiff's lawyer rather than himself and fails to state a violation of Plaintiff's rights by the State.

The next reference to the State is on page eighteen of Plaintiff's Amended Complaint where he states that Defendant Linton's "pretext was that Palaschak was not a member of the Michigan Bar." (*Id.* at ¶ 233). This statement does not state any claim against the State.

The final reference to the State is on page twenty-three. In paragraph 305 Plaintiff states that he went to the Michigan State Police to register himself (apparently for the sex offender registry) and that Officer Hungry told him that there was a $35 fee to register himself. This reference fails to state a claim against the State.

After considering all of the allegations Plaintiff has made in his Amended Complaint, there is no set of facts consistent with these allegations that would state a claim against the State of Michigan. Accordingly, this Defendant's Motion to Dismiss should be granted. *See Morgan*, 829 F.2d at 12.

D.  *Dismissal of Defendant Bob Panzner*

Defendant Panzner is the tow truck driver that Plaintiff alleges illegally towed his vehicle. (Docket no. 6 at 12). Plaintiff provided a Bay City, Michigan address for Panzner in the body of his

Amended Complaint. (*Id.*) Plaintiff is proceeding *in forma pauperis* in this matter. (Docket no. 5). Service of the summons and complaint by the U.S. Marshal was not successful on this Defendant. As a result on October 4, 2006, over a year after Plaintiff filed this action and over ten months after Plaintiff filed his Amended Complaint, this Court entered an Order for Plaintiff to show cause why his Complaint as to this Defendant should not be dismissed. (Docket no. 38). This Order set out the requirement under Fed. R. Civ. P. 4(m) that service of the summons and complaint be made within 120 days after the filing of the complaint. Plaintiff did not respond to this Order. Even though Plaintiff did not respond, the Court ordered the Marshal to once again attempt service on Defendant Panzner at the address Plaintiff provided. (Docket no. 47). However, this Notice to Defendant Panzner was returned by the Marshal unexecuted because no response was received. (Docket no. 55).

Rule 4(m), Fed. R. Civ. P., provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or take other action. If Plaintiff shows good cause for the failure, the Court must extend the period for service. A plaintiff proceeding *in forma pauperis* is entitled to rely on officers of the Court to effect service. *See Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). However, a plaintiff may not remain silent and do nothing to effectuate service. *Vandiver v. Martin*, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004). At a minimum, the plaintiff must request service and attempt to remedy any apparent service defects of which he has knowledge. (*Id.*)

Plaintiff has failed to take appropriate action to preclude the dismissal of Defendant Panzner. The Court put Plaintiff on notice that Defendant Panzner had not been served as required under Rule 4(m). Plaintiff took no action. He did not provide another address or request personal service by the Marshal. He did not respond at all to the Court's Order to Show Cause. Accordingly, Plaintiff is not

entitled to rely upon the Marshal's failure to effect service to show good cause. Defendant Panzner should be dismissed without prejudice pursuant to Rule 4(m).

      E.      *Defendant John Doe*

Plaintiff named Defendant John Doe in his Amended Complaint and identified him only as the "Person who wrote false probation report." (Docket no. 6 at 1). When Plaintiff completed the summons he apparently named Veronica Papajesk as this person. (Docket no. 25 at 2). This resulted in Papajesk filing a motion for summary judgment which was granted. (Docket nos. 25, 34, 36). Accordingly, the Defendant John Doe should be dismissed because Papajesk has been dismissed, and Plaintiff has not served any other person as "John Doe." Once these three Defendants are dismissed, there are no more remaining Defendants. This entire action should therefore be dismissed.

**III.**     **<u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 24, 2007

s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Ron Fox and Counsel of Record on this date.

Dated: July 24, 2007

s/ Lisa C. Bartlett
Courtroom Deputy